UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VALLEY HEALTH SYSTEMS, LLC
d/b/a SPRING VALLEY HOSPITAL
MEDICAL CENTER,

         Plaintiff,

v.

NURSES 'R' SPECIAL, INC., et al.,

         Defendants.

2:09-CV-1361 JCM (LRL)

**ORDER**

Presently before the court is defendant Nurses 'R' Special, Inc.'s ("Nurses") motion for judgment on the pleadings (Doc #13). Plaintiff Valley Health Systems, LLC d/b/a Spring Valley Medical Center ("Valley") filed a timely opposition to Nurses' motion (Doc. #14). Nurses filed a timely reply to Valley's opposition (Doc. #15).

The present action stems from a wrongful death litigation that proceeded to trial in the U.S. District Court, District of Nevada ("underlying litigation") in which plaintiff Butts sued Valley, Dr. Gilberto Ruiz, and Dr. Janie Kwak-Tran ("Dr. Kwak-Tran"). Dr. Gilberto Ruiz was dismissed from the action. On July 17, 2007, plaintiff Butts filed an amended complaint naming Nurses, Dr. Kwak-Tran, and Valley as defendants. Nurses was dismissed from the underlying litigation based on the applicable statute of limitations.

Before trial in the underlying litigation, Dr. Kwak-Tran settled with plaintiff Butts for $350,000 in return for dismissal from the case, rendering Valley the sole defendant. The court in the

1   underlying litigation granted Dr. Kwak-Tran's motion for determination of good faith settlement.
2   Nevada Revised Statute ("NRS") 41.141(3) bars admitting as evidence at trial the contributory
3   negligence of any settling party or any settlement amounts. Accordingly, no evidence was presented
4   to the jury in the underlying litigation regarding Dr. Kwak-Tran's negligence. The jury awarded
5   $1,574,000 to plaintiff Butts against Valley based solely on the negligence of a Nurses employee.
6   The court reduced the award to $1,000,000 pursuant to a pre-verdict high/low agreement between
7   Valley and plaintiff Butts.

8   Valley commenced the present action against Nurses for indemnity based on the jury's award
9   of damages in the underlying litigation. Valley's claims against Nurses include express contractual
10  indemnity, breach of contract, and breach of good faith. The contract at issue states Nurses shall
11  indemnify Valley for any losses "arising from [Nurses'] services." Nurses now moves for judgment
12  on the pleadings because Valley failed to join Dr. Kwak-Tran.

13  Federal Rule of Civil Procedure 12(h)(2)(B) states that failure to join a party required by Rule
14  19(b) may be raised by a motion under Rule 12(c). Rule 12(c) states that "after the pleadings are
15  closed but early enough not to delay trial a party may move for judgment on the pleadings." The
16  court may grant a motion for judgment on the pleadings under Rule 12(c) "when the moving party
17  clearly establishes on the face of the pleading that no material issue of fact remains to be resolved
18  and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner &*
19  *Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

20  A party is indispensable to an action if disposing the action in the party's absence would
21  "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise
22  inconsistent obligations[.]" Fed. R. Civ. P. 19(a)(1)(B)(ii). If the court determines a party is
23  indispensable but nevertheless cannot be joined, the court may dismiss the action "in equity and good
24  conscience." Fed. R. Civ. P. 19(b). Rule 19(b) lists four factors to determine if such a dismissal is
25  appropriate: (1) the extent to which a judgment in the party's absence would prejudice that party or
26  the existing parties; (2) the extent to which any prejudice can be avoided; (3) whether a judgment
27  rendered in the party's absence would be adequate; and (4) whether the plaintiff would have another
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

adequate remedy if the action were dismissed for non-joinder. *See Wilbur v. Locke*, 423 F.3d 1101, 1114 (9th Cir. 2005).

Defendant Nurses argues Dr. Kwak-Tran is an indispensable party to this case because the fact-finder will need to determine the extent of Dr. Kwak-Tran's contributory negligence to calculate Nurses' liability. Under the contract at issue, Nurses is required to indemnify Valley only for the damages arising from Nurses' services. If Dr. Kwak-Tran is not joined, defendant argues, Nurses will be exposed to 100 percent of the judgment against Valley although its negligence was partial.

However, NRS 17.245(b) discharges a defendant who settles in good faith "from all liability for contribution and from equitable indemnity to any other tortfeasor." As such, Dr. Kwak-Tran cannot be joined in this action because she settled in good faith with the plaintiff in the underlying litigation. Furthermore, joining Dr. Kwak-Tran, a resident of Nevada, is not feasible because joinder would deprive this court of subject-matter jurisdiction. Fed. R. Civ. P. 19(a)(1)(A). Therefore, Nurses contends the court should dismiss this action under Federal Rules of Civil Procedure 19(b) and 12(c).

This court finds that Dr. Kwak-Tran is not an indispensable party under Rule 19(a). Nurses' contention that denying the instant motion will expose Nurses to a judgment exceeding its level of liability is unpersuasive. The underlying litigation's special verdict rested solely on the conduct of Nurses' employee, finding her negligent treatment proximately caused plaintiff Butts' death. Additionally, the shield against indemnifying defendants who settle under NRS 17.245 does not categorically prevent a remaining defendant from pointing the blame at the non-joined defendant, or from arguing it was not fully responsible for the plaintiff's injuries. *See Banks ex rel. Banks v. Sunrise Hospital*, 120 Nev. 822, 844 (2004).

Accordingly, the factors relative to determining whether Dr. Kwak-Tran is an indispensable party support denying Nurses' motion. First, answering for a verdict based solely on the negligence of one of its employees will not prejudice Nurses. Moreover, NRS 17.245 does not forbid Nurses from denying full responsibility. Third, a judgment in Dr. Kwak-Tran's absence will not prejudice her because she has no stake in the contractual issues before this court. Finally, Valley has no

**James C. Mahan**
**U.S. District Judge**

1  alternative remedy if this action is dismissed.

2  Alternatively, because this court does not find judgment on the pleadings appropriate, Nurses
3  asks the court to deduct Dr. Kwak-Tran's settlement from the amount recoverable by
4  indemnification. NRS 41.141(3) provides that in actions involving comparative negligence where
5  one of the defendants settles, "the judge shall deduct the amount of the settlement from the amount
6  otherwise recoverable by the plaintiff[.]" However, under Special Order 109, III.F.4, U.S. District
7  Court, District of Nevada, Oct. 27, 2005, "motions may only ask for one type of unrelated relief[.]"
8  The most appropriate avenue for Nurses to raise the issue of reducing the amount recoverable by
9  indemnification under NRS 41.141 is a separate request in its own motion.

10  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Nurses 'R'
11  Special, Inc.'s motion for judgment on the pleadings (Doc. #13), be DENIED.

12  DATED July 16, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -