**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

VALLEY HEALTH SYSTEMS, LLC
d/b/a SPRING VALLEY HOSPITAL
MEDICAL CENTER,

    Plaintiff,

v.

NURSES 'R' SPECIAL, INC., et al.,

    Defendants.

2:09-CV-1361 JCM (LRL)

**ORDER**

Presently before the court is plaintiff Valley Health System, LLC's ("Valley") motion for partial summary judgment. (Doc. #22). Defendant Nurses 'R' Special ("Nurses") moves to strike plaintiff's motion for failing to comply with Local Rule 56-1. (Doc. #25). In the alternative, defendant has responded (doc. #26) to the substance of plaintiff's motion and provided a supplement (doc. #29). Plaintiff responded to the motion to strike (doc. #33) and replied (doc. #30) to the defendant's opposition.

**I.    STATEMENT OF FACTS**

The current litigation stems from an underlying action ("the Butts action") in which plaintiff Butts sued various defendants including Valley. In the Butts action, Nurse Nesbith, a nurse supplied to Valley by Nurses, was found negligent in her treatment of Mr. Butts by special jury verdict. Her negligence was also found to be a proximate cause of Mr. Butts' death. Valley tendered the defense of Nurse Nesbith to Nurses on two occasions, but Nurses rejected each tender. Nurses was briefly

**James C. Mahan**
**U.S. District Judge**

a party in the Butts action after the plaintiff filed an amended complaint, but was dismissed based on the statute of limitations. No findings of fact were made regarding Valley whatsoever, other than that Nurse Nesbith was one of its agents. In the instant action, Valley now sues Nurses for indemnity of the underlying verdict in the Butts action.

Nurses entered into a written contract with Broadlane whereby Nurses supplied staff to outside customers, including Valley. "Broadlane provides contracting services to negotiate contracts for certain services on behalf of individuals or entities that designate Broadlane as their group-purchasing agent ("Customers")." (Doc. #22, exhibit A). Under the terms of their contract, Nurses was considered a "Supplier" and Valley was considered a "Customer." *Id.* The contract also included an indemnity provision which is at issue in this case.

## II.   MOTION FOR PARTIAL SUMMARY JUDGMENT

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996). The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file," specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); FED. R. CIV. P. 56(c).

*A.   Indemnification of Valley*

Per the choice of law provision found in the contract between Nurses and Broadlane, Texas law governing indemnity actions applies. The indemnity provision at issue in this case reads:

> Indemnification of Customers. Supplier shall indemnify, defend, and hold each Customer and its affiliates officers, directors, and agents harmless from and against all damages, claims, penalties, interest, or other losses arising from a breach of this Agreement by Supplier (including Staff) or arising from Services. This indemnity must include provision of a defense to any third party claims and the advance of costs related to this defense but does not extend any portion of the loss due to a Customer's negligence or willful misconduct.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  (Doc. #26) (emphasis omitted).

2  Texas case law dictates that an indemnitor, who denies its duty to indemnify, is not privy to a judicial determination of an indemnitee's liability to an injured party. *Gulf, Colorado & Santa Fe Railway v. G.C. McBride*, 322 S.W.2d 492, 495 (Tex. 1958). Specifically, the Supreme Court of Texas found that "[when] an indemnitor denies any obligation under the indemnity agreement and obtains a summary judgment, the indemnitor waives any right to insist upon a judicial determination of the liability of the indemnitee to the injured party." *Id.* Accordingly, "[h]aving settled the claim without obtaining a judicial determination of its liability, [the indemnitee] assume[s] the risk of being able to prove the facts which might have rendered it liable to the plaintiff as well as the reasonableness of the amount which it paid. It will be necessary, therefore, for [the indemnitee] to establish that from its standpoint the settlement was made in good faith and was reasonable and prudent under the circumstances." *Id.* (citations omitted).

Plaintiff argues that the court in *Missouri Pacific R.R. Co. v. Southern Pacific Co.*, 430 S.W.2d 900 (Ct. App. Tex. 1968), addresses a factually analogous situation to this case. This court agrees. In *Missouri Pacific*, the court found that "[Indemnitee-] Southern Pacific was not, under the circumstances, required to prove its liability of [an injured railroad worker] as a condition to its recovery of indemnity from [indemnitor-] Missouri Pacific." *Id.* at 904. Indeed, the court in the underlying case found that Southern Pacific, through its agency relationship with the injured railroad worker (Liles), was not negligent. *Id.* at 903. Admittedly, this is a key factual difference between this case and *Missouri Pacific* since Valley's negligence, if any, was never determined by the jury. However, the court in *Missouri Pacific* concluded that in failing to participate in the defense or settlement of the injured party's claim after being called upon to do so by indemnitee-Southern Pacific, indemnitor-Missouri Pacific "waived any right to a judicial determination of Southern Pacific's liability as a condition to Southern Pacific's recovery of indemnity from it." *Id.* at 904. Therefore, indemnitor-Nurses' failure to participate in the defense of Mr. Butts' claim, after being called upon to do so by indemnitee-Valley, waives its right to a judicial determination of Valley's

liability as it asks for in its opposition.[1]

Additionally "Liles' cause of action against [indemnitor-] Missouri Pacific was barred [by a statute of limitations]." *Id.* The court recognized that there were many instances where "joint tort feasors cause injury to a third party [and] one of them may be protected by the law from liability to the injured party." *Id.* However, "in those cases, the joint tortfeasor from whom indemnity or contribution was sought never became liable to the injured party" like Missouri Pacific did. *Id.* Accordingly, the *Missouri Pacific* court found that "the running of the statute of limitations did not even extinguish that liability" between Missouri Pacific and Liles. *Id.* Rather, "it merely deprived him of his remedy for enforcing it." *Id.*

B.  *The Settlement*

Nurses incorrectly asserts that "Valley did not settle with the Butts plaintiffs" when it attempts to distinguish this case from the aforementioned Texas case law. (Doc. #26). Specifically, Nurses claims that the Texas case law provided by Valley is not relevant to its position since those cases ended in settlement and here Valley went to trial. Although Valley did go to trial and had judgment entered against it based on Nurse Nesbith's conduct, that verdict was controlled by a high-low agreement. "A high-low agreement is a settlement in which a defendant agrees to pay the plaintiff a minimum recovery in return for the plaintiff's agreement to accept a maximum amount regardless of the outcome of the trial." *Rodriguez v. Villarreal*, 314 S.W.3d 636, 641 (Ct. App. Tex. 2010) (citation omitted). Considering "Valley's loss was capped at $1 million dollars [sic] in the underlying action despite a substantially higher jury verdict" (doc. #30), Valley's "settlement [in the Butts action] was made in good faith and was reasonable and prudent under the circumstances."[2] *Gulf*, 322 S.W.2d at 495. Accordingly, this case did involve settlement.

---

[1] "[T]he issue of Valley's own negligence was never determined by the jury, and is required before the contract's indemnity provision can be interpreted. As such, Nurses is entitled to litigate that issue in this case, in order to determine Valley's percentage negligence as compared with Nurses. Only then can the indemnity provision be applied." (Doc. #26, P. 6)

[2] The jury verdict exceeded $1.5 million. (Doc. #22, exhibit B)

James C. Mahan
U.S. District Judge

- 4 -

C. *Denying Tender of Defense*

Valley claims that pursuant to the terms of the underlying contract between Nurses and Broadlane, Nurses had a duty to defend Valley. In contrast, Nurses claims that "the denial of tender was appropriate, and not a breach of contract . . . [arguing that]. . . had [it] accepted Valley's tender by taking over the defense of Valley prior to trial, it would have been forced to waive its valid defenses, which include pointing the finger at Valley for its own negligence." *Id.* However, the court in *English v. BGP International, Inc.*, 174 S.W.3d 366, 373 (Ct. App. Tex. 1968), stated that when "pleadings sufficiently allege separate negligence causes of action, that still does not relieve [the indemnitor] of its duty to defend [the indemnitee] in the underlying lawsuits. When some theories of liability fail to give rise to the duty to defend but other theories do, the party should be required to provide a defense."

Specifically, the *English* court found guidance from cases involving the duty to defend in the insurance context:

> [W]e find little reason why the principles regarding an insurer's duty to defend should not apply with equal force to an indemnitor's contractual promise to defend its indemnitee. *See generally Gen. Motors Corp. v. Am. Ecology Envtl. Svcs. Corp.,* (citation omitted) (applying the same principles regarding the duty of an insurer to defend in the insurance context to the duty of an indemnitor who has contractually agreed to defend its indemnitee).

*Id.* at 372. The *English* court further explained that competing theories of liability do not relieve the indemnitor's duty to defend:

> Typically, an insurer has a duty to defend, despite theories of liability asserted . . . .which are not covered under the policy, if there are *any* theories of recovery that fall within . . . the policy." *See generally Gen. Motors Corp. v. Am. Ecology Envtl. Svcs. Corp.,* (citation omitted) (emphasis original); *Fid. & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982) (explaining that when a petition only alleges facts excluded by an insurance policy, the insurer is not required to defend). It is only when no facts sufficiently fall within the agreement that the party is excused from its duty to defend.

*McManus*, 633 S.W.2d at 788 (citation omitted). Thus, Nurses had a duty to defend Valley regardless of whether there were any competing theories of liability since one of its own nurses, an employee of its company, was implicated in the underlying Butts action.

- 5 -

D.  *Conclusion*

Nurses breached its contract with Valley when it denied Valley's tender of defense of the Butts action. Nurses had a duty to defend Valley, pursuant to the indemnity provision found in their contract, regardless of whether there were competing theories of liability that might have implicated Valley.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Valley Health System, LLC's motion for partial summary judgment (doc. # 22) regarding its breach of contract claim is hereby GRANTED.

IT IS FURTHER ORDERED that defendant Nurses 'R' Special motion to strike plaintiff's motion for failing to comply with local rule 56-1 is hereby DENIED.

DATED April 12, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**