MICHAEL E. PRANGLE, ESQ.
Nevada Bar No. 8619
KENNETH M. WEBSTER, ESQ.
Nevada Bar No. 7205
HALL PRANGLE & SCHOONVELD, LLC
777 N. Rainbow Blvd., Ste. 225
Las Vegas, NV 89107
(702) 889-6400 – Office
(702) 384-6025 – Facsimile
Email: mprangle@hpslaw.com
Email: kwebster@hpslaw.com
*Attorneys for Plaintiff*
*VALLEY HEALTH SYSTEMS, LLC d/b/a*
*SPRING VALLEY HOSPITAL MEDICAL CENTER*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| VALLEY HEALTH SYSTEM, LLC, Delaware Limited Liability Company, d/b/a SPRING VALLEY HOSPITAL MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>NURSES 'R' SPECIAL, INC., a Nevada Corporation, DOES 1 through 50, and ROE CORPORATIONS 1 through 20;<br><br>Defendants. | Case No.: 2:09-cv-1361 |

### PLAINTIFF'S PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

The above-entitled matter having come on for hearing on Defendant Nurses 'R' Special, Inc.'s, (hereinafter "Nurses") Motion for Partial Summary Judgment Regarding Damages (Doc. #57) with Opposition thereto (Doc. #58) filed by Plaintiff Valley Health System, LLC, d/b/a

Spring Valley Hospital Medical Center, (hereinafter "Spring Valley"). Nurses also filed a Reply (Doc. #60) in support of its Motion. The Court, having reviewed the pleadings and papers on file and having heard the arguments of counsel for both parties, the Court issues the following findings of fact and conclusions of law:

### FINDINGS OF FACT

The Court finds the following facts:

1. Nurses entered into a written contract with Broadlane whereby Nurses supplied staffing services to outside customers, including Spring Valley;

2. Under the terms of the contract, Nurses was considered a "Supplier" and Spring Valley was considered a "Customer;"

3. Pursuant to the choice of law provision found in the contract between Nurses and Broadlane, Texas law governing the issue of indemnity applies in this action;

4. The contract contained a defense and indemnity provision;

5. Prior to the trial of the underlying matter, *Butts v. Spring Valley Hospital*, Spring Valley tendered defense of Spring Valley to Nurses, which Nurses denied;

6. At the trial of the underlying *Butts* matter, the Jury found that Nurses' employee, Nurse Nesmith was negligent in her treatment of Mr. Butts, and that Spring Valley was liable to the Butts family on the grounds that Nurse Nesmith was the agent of Spring Valley.

### CONCLUSIONS OF LAW

1. Nurses' denial of tender in the Butts' claim, waives its right to a judicial determination of the relative liability of the parties and non-parties in this action in accordance with *Missouri Pacific R.R. Co. v. Southern Pacific Co.*, 430 S.W.2d 900 (Ct. App. Tex. 1968);

2. That the Texas Statutes and Code Annotated §§ 33.003 and 33.011, cited by Nurses in its Motion for Partial Summary Judgment (Doc. #57) apply to tort claims and not those where contractual indemnity provisions are at issue as in this case;

3. The controversy currently before the Court involves Nurses' breach of the Broadlane contract and what damages stem from that breach. The issue of relative liability of the parties, or others, regarding the underlying tort will not be litigated in this case.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that Defendant Nurses 'R' Special, Inc.'s Motion for Partial Summary Judgment (Doc. #57) regarding damages is hereby DENIED.

DATED September 12, 2011.

_____
UNITED STATES DISTRCT JUDGE

Respectfully submitted by:

HALL PRANGLE & SCHOONVELD, LLC

_____
KENNETH M. WEBSTER, ESQ.
Nevada Bar No. 7205
777 N. Rainbow Blvd., Ste. 225
Las Vegas, NV 89107
*Attorneys for Plaintiff*

4826-3611-3674, v. 1